Dear Mr. Lawrence:
Your question to this office concerns whether a vacancy is created in the membership of a fire and police civil service board if an employee-representative no longer holds his position of classified employment with the fire or police department he represents. You make specific reference to a board member serving as an employee-representative on a five-member fire and police civil service board established by La.R.S. 33:2536. Boards created under authority of La.R.S. 33:2536
administer fire and police civil service law within small municipalities, parishes, and fire protection districts.
The membership of each fire and police civil service board created under La.R.S. 33:2536 includes one employee-representative of the fire department, and one employee-representative of the police department. La.R.S. 33:2536(C)(3)[1] states, in part:
Two members shall be appointed who shall be first nominated and elected by and from the regular employees of the fire and police department as follows: One member shall be elected and appointed from the fire department, and one member shall be elected and appointed from the police department . . .
[Emphasis added.] *Page 2 
La.R.S. 33:2536(B)(2)(a) further provides:
(2)(a) Any employee, while serving as a member of a board, shall occupy, as a regular employee, a position or office lower than that of chief, assistant chief, district chief, or battalion chief in the fire service; or a position or office lower than that of chief, assistant chief, or major in the police service.
[Emphasis added.]
You state that the State Examiner's office is aware of a fire and police civil service board where the classified position of employment held by one of the board's employee-representatives[2] has been abolished, prompting you to ask whether or not a vacancy on the board has been created by this occurrence.
This office has in previous opinions concluded that a vacancy in office occurs by "the loss of status or qualifications that are prerequisite to a person's election renders him ineligible to continue to serve." See
La. Atty. Gen. Ops. 03-0415, 97-124, and 86-598. The reasoning expressed in the opinions cited is applicable here. Holding a position of employment as required by La.R.S. 33:2536(C)(3) and La.R.S.33:2536(B)(2)(a) is a qualification of office; because this member no longer possesses this qualification to hold office, he is ineligible to continue to serve, and a vacancy is created in his position on the board.
It is the opinion of this office that a vacancy is created in the membership of those fire and police civil service boards established by La.R.S. 33:2536 when an employee-representative no longer holds his position of classified employment, a qualification of office required by La.R.S. 33.2536(C)(3) and La.R.S. 33.2536(B)(2)(a). Because a vacancy is created, La.R.S. 33:2536(E) becomes applicable and provides that a successor be appointed "in the same manner as the outgoing member was appointed" with ninety days of the vacancy. Here, we point out that although a vacancy has occurred in the office held by this employee-representative, this member must continue to serve "until his successor has been appointed and qualified" as required by La.R.S.33:2536(D), and also as required under La.R.S. 42:2, the hold-over statute.[3]
You also advise this office that the abolishment of the employee-representative's position of employment leaves one other person holding a position of classified *Page 4 
employment within that particular department. The remaining employee isan officer as described in La.R.S. 33:2536(B)(2)(a). Because this individual is the sole remaining classified employee of the department, you ask if that individual might be appointed to the board by default, notwithstanding that he is ineligible to serve under La.R.S.33:2536(B)(2)(a) because he is an officer, and not employed in a lower position as required by this statute.
La.R.S. 33:2536(B)(2)(a) states that both the fire and police civil service board employee-representatives "shall occupy, as a regularemployee" those positions of lower employment, as described. The rules of statutory construction, which we are required to apply when interpreting laws, reflect that the use of the word shall within La.R.S.33:2536(B)(2)(a) is mandatory.[4]
It is the opinion of this office that the remaining classified employee is ineligible to serve as a board member, for the reason that he lacks the required status under La.R.S. 33:2536(B)(2)(a). The statute does not permit his appointment by default, on the basis that he is the sole classified employee of the department. These facts present a scenario not addressed by the statute, and it is our opinion that legislative amendment to the law will be necessary to resolve the situation.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL
Attorney General
BY: __________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 33:2536(C)(3) provides, in its entirety:
(3) Two members shall be appointed who shall be first nominated and elected by and from the regular employees of the fire and police department as follows: One member shall be elected and appointed from the fire department, and one member shall be elected and appointed from the police department. The employee-nominee from each department shall be elected by secret ballot of the regular employees of his respective department at an election to be called and held for that purpose by the chief of the department. The chief of each department shall call such an election within forty-five days after this Section takes effect in the area affected by posting, for a fifteen day continuous period immediately preceding the election, a notice thereof on the bulletin board of each station house of his department; and, shall officially notify the governing body of the area affected within the ten day period immediately following the election, the name of the employee-nominee so elected by the regular employees of his department. The chief of the department shall vote in the election only in the case of a tie vote.
[2] You do not state if this employee-representative is from a police or a fire department, but knowledge of this fact is not necessary to our determination.
[3] La.R.S. 42:2 provides:
Public officer to hold office until successor inducted Every public officer in this state except in case of impeachment, suspension, or meeting the term limitations set forth in La.R.S. 42:3.2, shall continue to discharge the duties of his office until his successor is inducted into office.
[4] The rules of statutory construction dictate that the use of the word "shall" in a statute is mandatory. La.R.S. 1:3 is entitled "Words and phrases; how construed" and provides:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word "shall" is mandatory and the work "may" is permissive.